

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed April 16, 2019**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Reagor-Dykes Motors, LP, et al. | § § | Case No.: 18-50214-rlj-11 (Jointly Administered) |
| Debtors. | § § | |
| | § | |
| Nyle Maxwell of Taylor, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 18-05007 (Civil Action No. 5:19-cv-00053-C) |
| Reagor Auto Mall, Ltd., MUSA Auto Leasing, MUSA Auto Finance, LLC, USB Leasing LT, FirstCapital Bank of Texas, N.A., | § § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

A motion to withdraw the reference of the above-referenced adversary proceeding has been

filed by defendants MUSA Auto Finance, LLC and MUSA Auto Leasing ("MUSA"). The Court conducted a status conference on April 10, 2019, and submits the following report to the United States District Court, in accordance with Local Bankruptcy Rule 5011-1:

1. The plaintiff, Nyle Maxwell of Taylor, LLC, filed its response opposing MUSA's motion.

2. No party has filed a motion for a stay of the proceedings pending the District Court's determination of the motion to withdraw. In addition to the motion to withdraw reference, MUSA also filed a motion to dismiss under Rule 12(b)(6).

3. At the April 10, 2019 status conference, the parties announced that they had reached an agreement on the motion. They agreed that should MUSA show that it is entitled to a jury trial, the District Court's reference of this adversary proceeding would be withdrawn for purposes of trial. (By its motion, MUSA stated that it would demand a jury trial and that it does not consent to a jury trial before the bankruptcy court.) They further agreed that, assuming the District Court's approval, the District Court defer withdrawing the reference, with this court, the bankruptcy court, hearing and deciding pre-trial matters until the time they certify the proceeding is ready for trial. Finally, the parties agreed that MUSA's motion be otherwise denied—the motion asserted other grounds to withdraw the reference.

4. Trial is presently set on the Court's docket of September 18, 2019; a scheduling order has been issued.

5. The Court recommends that the District Court approve the parties' agreement. The Court sets forth its explanation for this recommendation.

> (a) Two sets of circumstances *require* that the reference be withdrawn—at least at some point in the proceeding. First, the "district court *shall* . . . withdraw a proceeding if [it] determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate

commerce." 28 U.S.C. § 157(d) (emphasis added). Second, if the right to a jury trial applies to the proceeding and all parties do not consent to a jury trial before the bankruptcy court, the district court must withdraw the reference, at least for purposes of conducting the jury trial. *See* 28 U.S.C. § 157(e).[1]

(b) As opposed to mandatory withdrawal, the district court "*may* withdraw, in whole or in part, any . . . proceeding . . . *for cause shown*." 28 U.S.C. § 157(d) (emphasis added). The factors that inform the cause standard are as follows: (1) whether the matter involves core, non-core, or mixed issues; (2) whether or not there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties' resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process. *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985); *see also Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006) (discussing the *Holland America* factors).

(c) The first mandatory ground—consideration of both title 11 and other laws affecting interstate commerce—is not applicable here; and the cause considerations are trumped by the jury trial question. Thus the question of whether reference should or must be withdrawn centers on whether MUSA is entitled to a jury trial.

---

[1] 28 U.S.C. § 157(e) allows a bankruptcy court to conduct a jury trial "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge" and "with the express consent of all the parties." As can be inferred from such provision, if a party does not consent to a jury trial before the bankruptcy court, such court does not have authority to conduct the trial, and the district court would, by necessity, need to withdraw the proceeding from the bankruptcy court. *See Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) (citing *In re Clay*, 35 F.3d 190, 195, 197–98 (5th Cir. 1994)). Though this can be dispositive—if a jury trial right exists—the analysis goes through 28 U.S.C. § 157(d). Under § 157(d), "[t]he district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added).

Conclusion

Given the parties' agreement and, particularly, MUSA's stated intent to request a jury trial, the Court recommends that the District Court approve the parties' agreement. In the event the District Court determines, after recommendation by this Court, that MUSA is entitled to a jury trial, the reference could then be withdrawn for jury trial before the District Court. The parties submitted the attached form of order for consideration by the District Court.

Respectfully submitted,

DATED: April 15, 2019

_____
ROBERT L. JONES
U.S. BANKRUPTCY JUDGE

This Report and Recommendation shall be entered on the docket by the Bankruptcy Clerk.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: § | | Chapter 11 |
| REAGOR-DYKES MOTORS, LP, et al. § | | Case No. 18-50214-rlj |
| Debtors. § | | (Jointly Administered) |
| § | | |
| NYLE MAXEWELL OF TAYLOR, LLC, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| REAGOR AUTO MALL, LTD., § | | ADVERSARY NO. 18-05007-rlj |
| FIRSTCAPITAL BANK OF TEXAS, N.A., § | | |
| MUSA AUTO LEASING, MUSA AUTO § | | |
| FINANCE, LLC, § | | |
| Defendants. § | | |

**AGREED ORDER RESOLVING MUSA AUTO LEASING & MUSA AUTO FINANCE, LLC'S MOTION TO WITHDRAW THE REFERENCE [DOC. # 16]**

ON THIS DAY, the Court considered the Motion to Withdraw the Reference [Doc. #16] (the "Motion") filed by MUSA Auto Leasing and MUSA Auto Finance, LLC (collectively, "MUSA"), and pursuant to the agreement of the parties, the Court finds that the Motion should be GRANTED IN PART.

IT IS THEREFORE ORDERED that in the event that MUSA, or any other party, shows itself to be entitled to a jury trial, the district court's reference to the bankruptcy court's jurisdiction in adversary case # 18-05007 shall be withdrawn solely for the purposes of trial such that the district court may conduct a jury trial after all pre-trial matters have been resolved.

IT IS FURTHER ORDERED that the Motion be denied in all other respects, and this Court shall defer withdrawing the reference, allowing the bankruptcy court in adversary case # 18-05007 to hear and determine all other pre-trial matters up to the time the parties certify they are ready for trial.

# # # END OF ORDER # # #

AGREED FOR ENTRY:

| MARTINEC, WINN & VICKERS, PC | SPROUSE, SHRADER, SMITH, PLLC |
|---|---|
| /s/ Joseph D. Martinec<br>Joseph D. Martinec<br>State Bar No. 13137500<br>martinec@mwvmlaw.com<br><br>611 S. Congress Avenue, Suite 450<br>Austin, Texas 78704-1771<br>Telephone: (512) 476-0750<br>Telecopier: (512) 476-0753<br><br>*Attorney for Plaintiff*<br>*Nyle Maxwell of Taylor, LLC* | John Massouh<br>State Bar No. 24026866<br>John.massouh@sprouselaw.com<br>Tim Williams<br>State Bar No. 24067940<br>Tim.williams@sprouselaw.com<br><br>701 S. Taylor, Suite 500<br>P.O. Box 15008<br>Amarillo, Texas 79105-5008<br>Telephone: (806) 468-3300<br>Telecopier: (806) 373-3454<br><br>*Attorneys for Defendant*<br>*FirstCapital Bank of Texas, N.A.* |
| FOLEY, GARDERE, FOLEY, & LARDNER, LLP | PADFIELD & STOUT, LLP |
| Marcus A. Helt<br>State Bar No. 24052187<br>mhelt@foley.com<br>Steven C. Lockhart<br>State Bar No. 24036981<br>slockhart@foley.com<br>Thomas C. Scannell<br>State Bar No. 24070559<br>tscannell@foley.com<br><br>2021 McKinney Avenue, Suite 1600<br>Dallas, Texas 75201<br>Telephone: (214) 999-3000<br>Telecopier: (214) 999-4667<br><br>*Attorneys for Defendant*<br>*Reagor Auto Mall, Ltd.* | /s/ Alan B. Padfield<br>Alan B. Padfield<br>State Bar No. 00784712<br>abp@padfieldstout.com<br>Christopher V. Arisco<br>State Bar No. 24064830<br>carisco@padfieldstout.com<br>Matthew B. Fronda<br>State Bar No. 24086264<br>mfronda@padfieldstout.com<br><br>421 W. Third Street, Suite 910<br>Fort Worth, Texas 76102<br>Telephone: (817) 338-1616<br>Telecopier: (817) 338-1610<br><br>*Attorneys for Defendants MUSA Auto Leasing*<br>*and MUSA Auto Finance, LLC* |